# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| Ninfa Andrea Davis, Individually and as next friend to R.O.H., a minor § § § *Plaintiffs*, § § v. § § Prosper Independent School District and Peggy C. May, § § § *Defendants*. § § | CIVIL ACTION NO. 4:24-cv-00695-SDJ |

## ORDER APPROVING SETTLEMENT AND FINAL JUDGMENT

On December 4, 2025, the Magistrate Judge conducted a hearing on the proposed Release and Settlement Agreement ("the Agreement") reached between R.O.H. (Minor), b/n/f Ninfa Andrea Davis (Plaintiff), and Defendant Peggy C. May (collectively the Parties). After hearing from the Parties and the Guardian Ad Litem, the Magistrate Judge entered a Report and Recommendation, recommending that the Agreement be approved. The Parties waived the objection period. Accordingly, the Court adopts the Report and Recommendation of the United States Magistrate Judge and **APPROVES** the Agreement.

On June 10, 2025, the Parties attended mediation wherein they resolved all claims and later entered into the Agreement. *Id*. A true and correct copy of the Agreement is filed with the Court under seal to protect the confidentiality rights of R.O.H. and pursuant to the confidentiality terms of the Agreement. *Id*.

R.O.H., the minor plaintiff represented by Next Friend Ninfa Andrea Davis, is

legally unable to execute the Agreement. Thus, on September 19, 2025, the Parties filed a Joint Motion for Appointment of Guardian Ad Litem to protect R.O.H.'s best interests in connection with the Agreement. Dkt. # 36. On September 19, 2025, United States District Judge Sean D. Jordan referred the Parties' Joint Motion for Appointment of Guardian Ad Litem, as well as the approval of the Agreement as to R.O.H, to U.S. Magistrate Judge Aileen Goldman Durrett. Dkt. # 37. Judge Durrett was instructed to appoint a Guardian Ad Litem and set the matter for hearing, and at the conclusion of said hearing, enter her Report and Recommendations to be considered by United States District Judge Jordan. *Id.* On September 23, 2025, the Court appointed Camille M. Knight to serve as Guardian Ad Litem. Dkt. #38. On October 23, 2025, Ms. Knight submitted her report and recommendation to the Court. On November 14, 2025, Judge Durrett set a prove-up hearing to approve the Agreement for Thursday, December 4, 2025 at 2:00 p.m. Dkt. # 39.

Having reviewed the Parties' submissions and arguments, the report and recommendation of Ms. Knight, the applicable law, and the Report and Recommendation of the Magistrate Judge, the Court concludes that the Agreement should be approved.

Federal Rule of Civil Procedure 17 authorizes a court to appoint a guardian ad litem where "the interests of the [incapacitated person's] general representatives . . . may conflict with the interests of the person . . . who might otherwise be represented by such general representatives." *Gaddis v. United States*, 381 F.3d 444, 453 (5th Cir. 2004). "While federal procedure provides for the appointment of a guardian ad litem, 'the law of the [incapacitated person's] domicile—in this case, Texas—presumptively

would control in determining whether a guardian or next friend may settle a claim on the [incapacitated person's] behalf." *Hickson on behalf of Est. of Hickson v. City of Carrollton*, No. 3:18-CV-2747-B (BH), 2020 WL 5087781, at *2 (N.D. Tex. Aug. 25, 2020) (Ramirez, M.J.) (quoting *Jones v. Burke*, No. SA-14-CA-328-FB (HJB), 2015 WL 13545482, at *1 (W.D. Tex. Aug. 6, 2015), *report and recommendation adopted*, No. 3:18-CV-2747-B (BH), 2020 WL 5096680 (N.D. Tex. Aug. 27, 2020) (Boyle, J.); *see St. John Stevedoring Co. v. Wilfred*, 818 F.2d 397, 400 (5th Cir. 1987). Under Texas Rule of Civil Procedure 44(2), a guardian ad litem, "may with the approval of the court[,] compromise suits and agree to judgments, and such judgments, agreements and compromises, when approved by the court, shall be forever binding and conclusive upon the party plaintiff in such suit." TEX. R. CIV. P. 44(2).

However, "even if a guardian is properly appointed and agrees to the settlement, a judgment ratifying the compromise cannot be rendered without a hearing and evidence that the settlement serves the [incapacitated person's] best interest." *Am. Guarantee & Liab. Ins. Co. v. ACE Am. Ins. Co.*, 990 F.3d 842, 848–49 (5th Cir. 2021) (citations omitted). The guardian ad litem must testify to "the contents and basis of her report at a prove up hearing." *De La Rosa v. Mr. Flatbeds Transp. Inc.*, No. 5:23-CV-00016, 2023 WL 7064248, at *3 (S.D. Tex. Oct. 20, 2023) (citations omitted), *report and recommendation adopted*, No. 5:23-CV-00016, 2023 WL 7064198 (S.D. Tex. Oct. 26, 2023). Specifically, the guardian ad litem,

> must testify that she had a reasonable time to acquaint herself with the facts and the law and that she is fully informed of the circumstances of the litigation, the needs and expectations of the [incompetent person], the facts of liability, the disputed nature of the causes of action, and the

      nature and extent of the damages claimed. [The guardian ad litem] must [also] consider the effects of entering into the settlement agreement and opine that the [incompetent person's] interests have been properly protected and that the proposed settlement is reasonable, fair and just, and in the [incompetent's] best interests.

*Id.*

      In evaluating whether an agreement is fair and reasonable, courts consider the facts of the case, the relative certainty of the outcome of any litigation, and costs associated with such litigation. *Elkhayam v. Lufthansa German Airlines*, No. Civ.A. 304CV50K, 2005 WL 743054, at *1 (N.D. Tex. Apr. 1, 2005) (Ramirez, M.J.). The Court should consider whether the amount of compensation requested by the guardian ad litem appears reasonable. *De La Rosa*, 2023 WL 7064248, at *3.

      By way of settlement, Texas Association of School Boards Risk Management Fund ("TASB") on behalf of Defendant May has offered to make an immediate payment to Plaintiff, which will be paid to Pacific Life & Annuity Services, Inc. Said payment is to be sent to: Brandi Valdes, Sage Settlement Consulting, 11044 Research Blvd., Suite B-415, Austin, Texas 78759. The funds will then be paid in periodic payments made according to the Schedule of Payments set forth in Exhibit A (the Addendum), which has been filed under seal. The obligation to make the periodic payments described herein may be assigned to Pacific Life & Annuity Services, Inc. and funded by an annuity contract issued by Pacific Life Insurance Company. Upon making payment of the total amount agreed upon in the Agreement to Pacific Life & Annuity Services, Inc. as set forth above and assigning the obligation to make periodic

4

payments via a Qualified Assignment Agreement, Defendant May and TASB are discharged from any and all further obligation to Plaintiff and released from any and all further claims of Plaintiff, consistent with the terms of the Agreement and Addendum (Exhibit A).

The Court finds that the Agreement is in the best interest of R.O.H. and thus approves the Agreement. In her report, Ms. Knight indicated that she reviewed the relevant pleadings, as well as the Agreement, and interviewed Plaintiff Ninfa Andrea Davis, parent of R.O.H. Ms. Knight further investigated Plaintiffs' attorney's fees and costs, medical treatment of R.O.H. allegedly resulting from the incident described in Plaintiffs' Second Amended Complaint, and any subrogation issues connected to said treatment. Ms. Knight further reviewed with Plaintiff Davis information regarding "potential vehicles to hold and preserve the proposed settlement funds for the benefit of R.O.H. until the age of majority," found that the Agreement is appropriate and in the best interests of R.O.H., and believes that "Plaintiff Davis will act in R.O.H.'s best interest in choosing among the annuity options [discussed with Plaintiff Davis] to preserve the settlement funds for R.O.H. until the age of majority."

At the hearing, Ms. Knight explained that she had a reasonable time to acquaint herself with the facts and circumstances of the case. Specifically, Ms. Knight stated that she was fully informed of R.O.H.'s needs and expectations, the facts of liability, the disputed nature of the causes of action, and the nature of the damages claim. And considering her familiarity with the case and understanding of the governing law, Ms. Knight opined that the Agreement was a fair and reasonable

resolution. Ms. Knight recommended that the Agreement be approved as in R.O.H.'s best interest.

The Court is satisfied that Ms. Knight, a disinterested third-party and officer of the court, acted diligently in investigating, evaluating, and making recommendations to the Court of what is in the best interests of R.O.H. Accordingly, the proposed Agreement is **APPROVED**.

**IT IS THEREFORE, ORDERED, ADJUDGED** and **DECREED** that the Court approves the settlement of Plaintiffs' claims against Defendants in the amounts set forth in the Agreement.

**IT IS FURTHER ORDERED** that the total payments made to Plaintiffs by the Texas Association of School Boards Risk Management Fund ("TASB") on behalf of Defendant May and all other sums to be paid pursuant to the Agreement shall operate as a full and complete release of this Judgment insofar as it allows any recovery by Plaintiffs from Defendant May and all released parties as set out in the Agreement.

**IT IS FURTHER ORDERED** that the rights to receive periodic payments granted to the minor Plaintiff in this Order may not be sold, transferred, hypothecated, pledged, or otherwise alienated in any manner, directly or indirectly, without the prior approval of the then-sitting Judge of this Court, as evidenced by an order approving such transaction entered after compliance with all requirements of the Structured Settlement Protection Act, §§ 141.001, Texas Civil Practice and Remedies Code, as it now exists or may hereafter be amended, or any successor to such statute. Any purported or attempted sale, transfer, hypothecation, pledge, or

other alienation of such payment rights that has not been so approved will be a direct violation of this order.

**IT IS FURTHER ORDERED** that the Guardian Ad Litem fees as set forth below will be charged to TASB on behalf of Defendant May.

**IT IS FURTHER ORDERED** that upon payment of the above-referenced sums, that Defendant May and all released parties as set out in the Agreement, their insurer(s), agents, officials, employees, employers, servants, representatives, and attorneys have no further obligation or responsibility to Plaintiffs. Evidence of the payment of these funds shall operate as a full and complete release of this Judgment as to Defendant May, and all released parties as set out in the Agreement.

**IT IS FURTHER ORDERED** that all claims on file in this lawsuit by Plaintiffs against Defendant May are hereby dismissed with prejudice.

It is further **ORDERED, ADJUDGED, AND DECREED** by the Court that Camille M. Knight, a practicing attorney before this Court who was heretofore appointed Guardian Ad Litem for R.O.H. by Order of this Court, is hereby awarded a reasonable fee for her services including costs, which shall be taxed as costs to TASB on behalf of Defendant May in the total amount of Four Thousand, Six Hundred Seventy-Two Dollars and 50/100 ($4,672.50). Ms. Knight is hereby discharged from her duties as Guardian Ad Litem in this matter.

**IT IS FURTHER ORDERED** that no execution shall issue hereon, this judgment being fully satisfied.

Any other and further relief not specifically provided herein is **DENIED**.

**So ORDERED and SIGNED this 11th day of December, 2025.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE